E-FILED
Thursday, 27 August, 2026 09:30:43 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **LINNETTE RODRIGUEZ-POTTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-1311** |
| | ) | |
| **WARDEN, FCI Pekin,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>OPINION</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Petitioner Linnette Rodriguez-Potter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons below, the Court SUMMARILY DISMISSES Petitioner's § 2241 Petition.

## I. LEGAL BACKGROUND

Petitioner challenges the Federal Bureau of Prison's (BOP) implementation of the Risk and Needs Assessment System (System), which the BOP was required to develop under Section 101 of the First Step Act of 2018 (FSA), Public Law 115-391. *See* 18 U.S.C. § 3632. Under the FSA, eligible prisoners earn time credits for participating in "evidence-based recidivism reduction programs" and "productive activities." 18 U.S.C. § 3632(d)(4)(A). Eligible prisoners can earn either ten or fifteen days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). Unlike good conduct time earned under § 3624(b), which is applied to reduce a prisoner's total time in custody, time credits earned under the System for participating in programs and

activities "shall be applied toward prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). If the prisoner has been sentenced to a term of supervised release, the BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." 18 U.S.C. § 3624(g)(3). But, prisoners are only eligible to have FSA credits applied to prerelease custody or supervised release when they meet the requirements under 18 U.S.C. § 3624(g)(1). Relevant here, in order to apply credits under § 3624(g)(1)(A), a prisoner must: "[have]earned time credits under [System] in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *Id.*

## II. FACTUAL BACKGROUND

Petitioner is currently incarcerated at FCI Pekin in Pekin, Illinois, serving a 168-month imprisonment sentence, to be followed by five years of supervised release. (Doc. 1). Her current projected release date which is November 11, 2031. *See* Find an inmate, https://www.bop.gov/inmateloc/ (Reg. No. 04203-509) (last visited Aug. 13, 2026). According to Petitioner, she is eligible to earn and has been earning FSA time credits since arriving in BOP custody. The BOP has calculated the date Petitioner is eligible to apply her FSA credits and be transferred to prerelease custody as February 14, 2030. (Doc. 1-3 at 6). Petitioner will also be eligible for placement under the Second Chance Act, which allows up to an additional twelve months in a community correctional facility, or 6 months in home confinement. 18 U.S.C. § 3624(c). Assuming Petitioner is recommended for and receives twelve months of placement, the earliest date the BOP calculates she could be transferred to prerelease custody is February 14, 2029.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 23, 2026. (Doc. 1). While Petitioner does not dispute her release date, she does dispute her prerelease custody transfer date. Petitioner calculates that with both FSA time credits and her Second Chance Act placement, she should be placed in prerelease custody closer to December 9, 2027. (Doc. 1-3 at 6). Petitioner also states that she has exhausted her administrative remedies. (Doc. 1 at 3).

## III. DISCUSSION

This matter is now before the Court for preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A federal district court, upon receiving a petition for writ of habeas corpus, must promptly undertake a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4. As explained below, the Court finds Petitioner's challenge likely cannot proceed in a habeas action. And, even if it can, her proposed calculations for her FSA time credits do not comply with the language of the statute.

### A. Prerelease Custody Disputes are Not Likely Cognizable in Habeas Proceedings.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for a writ of habeas corpus is the proper action "[i]f the prisoner is seeking what can fairly be

described as a quantum change in the level of custody." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A "quantum change in the level of custody" includes relief such as "outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Id*. On the other hand, "[i]t is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a petition for habeas corpus." *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008) (collecting cases); *see Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). In *Graham,* the Seventh Circuit found that a petitioner was seeking to be placed on work release was challenging the conditions of confinement, and it did not qualify as a "quantum change in the level of custody." *Graham*, 922 F.2d at 380.

Here, Petitioner does not dispute Respondent's calculation of her custody release date. Instead, she only disputes when she should be placed in prerelease custody—which may be either home confinement or a residential reentry center. This is not likely cognizable in habeas corpus as it is more akin to placement on work release than a "quantum change in the level of custody." *Graham*, 922 F.2d at 380; *see also Ngon v. Warden FCI-Greenville*, No. 25-CV-1386-JPG, 2026 WL 376812, at *3 (S.D. Ill. Feb. 11, 2026) (concluding that petitioner pled "nothing suggesting a change to community corrections is the kind of quantum change in conditions that would be cognizable under § 2241," but

that it is "[i]nstead, . . .a routine placement decision over which this Court has no jurisdiction").

**B. The BOP's Calculations Are Correct Under the Statute.**

Even if the Court does have habeas jurisdiction over this issue, Petitioner has not shown that the BOP has erred in its calculations. Rather, the only apparent errors are in Petitioner's proposed calculations. Petitioner was sentenced to 168 months' imprisonment. She reports that she received 54 months of presentence jail credit and is projected to earn 25 months of good time credit. (Doc. 1-4 at 2). These credits, along with the projected 12 months of credits applied to early supervised release will result in a net sentence of only (roughly) 77 months to earn FSA credits. Petitioner's calculations appear to not take into account the 12 months of FSA time credits that will be applied to early supervised release, and starts with a net imprisonment sentence of 89 months instead of 77 months.

Next, Petitioner's calculations miscalculate the amount of time it will take to earn sufficient FSA time credits for the 12 months of early supervised release. Assuming Petitioner started earning time credits as soon as she was sentenced, it takes a minimum of 27 months of her imprisonment sentence to earn the 12 months of credits that will be applied to early supervised release.[1] This leaves just 50 months left in her sentence to earn FSA time credits towards prerelease custody, as opposed to the 89 months Petitioner starts with.

[1] This is the case because prisoners initially only earn 10 days of credits per month before they can become eligible to earn 15 days of credits. 18 U.S.C. § 3632(d)(4)(A)(i)–(ii).

Next, Petitioner assumes that all the FSA earned time credits she could earn while in prerelease custody could increase her time in prerelease custody. Accordingly she simply divides her previous miscalculation by 2 since she is now earning 15 days of time credits for every 30 days. However, as a practical matter, any time credits she earns in FSA-related prerelease custody could not be applied because, pursuant to the statute, Petitioner cannot apply any earned time credits *until* she has earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." *See* 18 U.S.C. § 3624(g)(1)(A), (2). Accordingly, assuming no gaps in time that a prisoner is earning credits, the total remaining imprisonment sentence after subtracting the initial 27 months would be divided by 1.5, not 2.

For Petitioner, dividing 50 by 1.5 results in, roughly, 33 additional months in prison to earn sufficient FSA time credits to be released into prerelease custody. Along with the initial 27 months, Petitioner should have roughly 50 months total in prison before being eligible to have her earned time credits applied to FSA prerelease custody. Since Petitioner was sentenced on December 16, 2024, her FSA prerelease custody transfer date is February 2030, which is what Petitioner reports that the BOP calculated. Accordingly, the Court finds that Petitioner has not identified any errors in the BOP's calculations, but has made multiple errors in her own.

Petitioner is also correct that she may also be placed in prerelease custody for additional time under the Second Chance Act. *See* 18 U.S.C. § 3624(c). Assuming Petitioner is recommended for and receives 12 months of Second Chance Act placement, the earliest date she could be transferred to prerelease custody is February 14, 2029.

Petitioner does not bring any specific challenge to the BOP's Second Chance Act calculations. Moreover, because it is unlikely that the BOP has already conducted its individualized review to determine how much time should be spend in prerelease custody under that statute, any challenge would be premature.

## IV. CONCLUSION

For the reasons above, the Court SUMMARILY DISMISSES Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The Clerk is directed to issue the judgment in favor of Respondent and CLOSE the case.

Signed on this 27th day of August 2026.

/s/ Colleen R. Lawless
Colleen R. Lawless
United States District Judge